UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN WOODARD, | No. C 08-2067 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| CORNELLS CORRECTIONS MARIA RICHARD, | |
| Defendants. | |

Marvin Woodard, currently a resident at the Cornell Corrections facility on Taylor Street in San Francisco, filed a pro se civil rights action under 42 U.S.C. § 1983. Woodard alleges in his complaint that, on April 16, 2008, he discovered that a piece of mail sent to him from the Ninth Circuit Court of Appeal had been opened before he received it. He alleges that "on the front page of envelope it stated that the mail be open only in the present of the inmate." Complaint, p. 3 (errors in source). He asked that the mail be returned to the sender and told the director of the facility that he would file a civil action. Woodard filed a "resident grievance" form, and the facility director responded that the "letter was addressed to Sacramento and forwarded to Cornell Companies. It arrived with tape on the envelope. No staff at Cornell opened or altered your mail." Complaint, attach., p. 1.

His complaint is now before the court for review pursuant to 28 U.S.C. §1915A, which requires a federal court to engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss

any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The complaint fails to state a claim upon which relief may be granted. "Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." Keenan v. Hall, 82 F.3d 1083, 1094 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998). Mail from a court to a litigant is a public document, which may be opened and inspected outside an inmate's presence without offending the First Amendment. See id. The complaint does not allege that the envelope contained anything other than an ordinary public document, so the opening of the mail outside Woodard's presence did not amount to a First Amendment violation. The facility director stated that the letter arrived at the facility already opened, and had been forwarded from another address, so it is not clear that the alleged message on the envelope that it was to be opened in the inmate's presence was put there by anyone at the Ninth Circuit. Leave to amend will be granted so that Woodard may attempt to allege that this envelope contained something other than a public document from a court case.

The complaint also does not state a claim against any of the defendants. Woodard names as defendants the institution and the director of the institution. There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under § 1983 arises only upon a showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Usually, a § 1983 plaintiff names as a defendant the individual state actor who allegedly wronged him. If Woodard wishes to add defendants or to keep the director as a defendant, he should identify each involved defendant by name and link each of them to his claim by explaining what each

defendant did or failed to do that caused a violation of his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Merely denying a grievance is not enough to make the director liable for any First Amendment violation that had occurred already. A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted), cert. denied, 502 U.S. 1074 (1992). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

There also is a matter that needs clarification with regard to Woodard's pauper application. Woodard submitted an in forma pauperis application without a certificate of funds or a trust account statement. The court is unaware whether residents at the Cornell Corrections facility have accounts at that facility, or whether the residents take care of their own finances and banking needs. When he submits his amended complaint, Woodard must explain whether Cornell Corrections maintains a trust account for him and, if one exists, must provide a copy of his trust account statement.

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **October 31, 2008**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: September 29, 2008

SUSAN ILLSTON
United States District Judge

3